### DESSAR v. HIRSCH et al.

(Supreme Court, Appellate Term, First Department.  December 30, 1913.)

PRINCIPAL AND AGENT (§ 100*)—AUTHORITY OF AGENT—RENEWAL OF LEASE.

That an agent acting within the scope of her authority was, by reason of her principal's illness, unable to consult her with respect to the renewal of a lease, could not relieve the principal from liability for rent pursuant to a renewal of the lease by such agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 262–273, 345, 364, 368–373;  Dec. Dig. § 100.*]

Appeal from City Court of New York, Special Term.

Action by Leo C. Dessar, as executor of Sadie Dessar, deceased, against Charles S. Hirsch and others, as executors of Fredericka Bucki, deceased.  From an order denying a new trial after verdict for defendants, plaintiff appeals.  Reversed, with directions.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Myers & Goldsmith, of New York City (Emanuel J. Myers and Gordon S. P. Kleeberg, both of New York City, of counsel), for appellant.

Sidney Bernheim, of New York City, for respondents.

GUY, J.    This action was brought to recover rent on a lease of an apartment.   The defense was a denial of the making of any lease.

Plaintiff proved that defendants' testatrix, Mrs. Bucki, in making prior leases of the same apartment from plaintiff's testatrix, had acted through her niece and agent, Amelia Reif, who had lived with her 24 years and attended to all her business; that in 1910 defendants' testatrix told plaintiff's agent "that she was very ill; that Miss Reif would represent her, and that anything that Miss Reif told me about the apartment that I should consider it the same as she herself told me. After that Miss Reif told me all that was to be done about that apartment."   This continued for two or three years.

On July 5 and 24, 1912, plaintiff's testatrix wrote defendants' testatrix inquiring whether she wished to renew the lease.   On July 29th a letter was received by plaintiff's testatrix, signed in the name of defendants' testatrix "by A. R.," stating that defendants' testatrix did intend to renew the lease and demanding certain repairs.   On August 13, 1913, another letter, signed "A. Reif, for Mrs. L. Bucki," was received by defendants' testatrix referring to the repairs previously demanded.   Later, Mrs. Bucki's son wrote plaintiff's testatrix that his mother would give up the apartment at the end of her term on October 1, 1912.

At the trial Miss Reif testified that Mrs. Bucki never saw any of the 1912 correspondence with plaintiff's testatrix, which she opened and answered in her aunt's name without her knowledge.

There was no conflict of testimony.   The agency was fully established.   Plaintiff's testatrix acted upon the faith of it, and the fact that the agent, acting within the scope of her authority, was, by reason of her principal's illness, unable to consult with her, or inform her as to details, would not relieve the principal from liability for the authorized act of her agent.   Glennan v. Rochester Trust & S. D. Co., 209 N. Y. 12, 102 N. E. 537.

Order reversed, with costs, and judgment directed in favor of plaintiff for the full amount claimed, with costs.   All concur.